UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOSE SEMANE COLOMA,

                Petitioner,

v.                                        Case No. 5:03-cv-26-Oc-10GRJ

CARLYLE I. HOLDER. etc., et al.,

                Respondents.

_____

## ORDER DENYING THE PETITION

Petitioner initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  Petitioner is currently serving a 188-month sentence imposed in the United States District Court for the Southern District of Georgia.  In the Petition, the Petitioner challenges the computation of his sentence by the Bureau of Prisons (BOP).

## Factual and Procedural History

Petitioner was initially arrested on September 6, 1990, in the Southern District of Florida.  Petitioner was released on bail on October 30, 1990, however, Petitioner was returned to custody on February 13, 1991.  On April 22, 1991, Petitioner was sentenced to 97-months imprisonment by the Southern District of Florida.[1]

On June 11, 1993, the Southern District of Georgia placed a detainer against

---

[1] The Court will refer to this conviction as Petitioner's "first federal conviction."

the Petitioner.  Petitioner was transferred to that District and indicted there.  On March 16, 1994, Petitioner was sentenced to 188-months imprisonment by the Southern District of Georgia.[2]  That sentence was ordered to run concurrent with Petitioner's first federal sentence.

In calculating Petitioner's second federal sentence, the BOP commenced Petitioner's sentence on March 16, 1994, the date the sentence was imposed. Petitioner has received prior custody credit for the time spent in custody between September 6, 1990 through October 30, 1990, and February 13, 1991 through April 22, 1991.  The BOP has credited the time from April 22, 1991 through March 15, 1994 to Petitioner's first federal sentence.  Because that time was credited to Petitioner's first federal sentence, the BOP has refused to credit Petitioner's second federal sentence for the same time pursuant to the prohibition against double credit found in 18 U.S.C. § 3585.

In the Petition, the Petitioner alleges that he is entitled to credit on his second federal sentence for the time between April 22, 1991 through March 15, 1994.

## Discussion

It is well established that the Bureau of Prisons is charged with the responsibility of sentence computation and other administrative matters regarding the length of a prisoner's confinement.[3]  In this case, Petitioner argues only that the

---

[2] The Court will refer to this conviction as Petitioner's "second federal conviction."

[3] United States v. Wilson, 503 U.S. 329, 335 (1992) ( "After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence.").

BOP has incorrectly awarded him pre-sentence custody credit. Specifically, Petitioner alleges that because his federal sentences were ordered to run concurrent, he is due credit on his second federal sentence for time spent in, and credited to, his first federal sentence.

<u>18 U.S.C. § 3585</u>

Petitioners' second federal sentence was imposed after November 1, 1987, and prior custody credit is governed by 18 U.S.C. § 3585. A defendant can receive prior custody credit under § 3585(b) if:

> (1) he was in official detention as a result of the offense for which the sentence was imposed; or
>
> (2) he was in official detention as a result of another charge for which he was arrested after the commission of the current offense for which the sentence was imposed;

that has not been credited against another sentence.

A review of the file shows that neither of these situations applies to Petitioner's case. Although Petitioner was taken into custody by the Southern District of Georgia on June 11, 1993, pursuant to a federal detainer, Petitioner was in official detention pursuant to his first federal sentence. The fact that Petitioner was subject to a detainer issued by the Southern District of Georgia did not change the source of Petitioner's "official detention."[4] Petitioner was not "in custody" pursuant to the

---

[4] In fact, such an argument would clearly have no merit. See Burnett v. United States Board of Parole, 491 F.2d 966 (5th Cir. 1974) (the suggestion that a federal prisoner is entitled to federal credit for time spent serving a state sentence merely because a federal detainer was lodged is frivolous); see also Savage v. Henderson, 475 F.2d 78, 79 (5th Cir. 1973) (it is frivolous to suggest that the mere act of filing a detainer converts state custody into federal custody).

detainer, he was in custody pursuant to his first federal sentence. Accordingly, the BOP has properly computed the Petitioner's federal sentence under 18 U.S.C. § 3585(b).

### Concurrent Sentences

To the extent that Petitioner believes he is entitled to additional credit on his second federal sentence because it was ordered to run concurrent with his first federal sentence, Petitioner is incorrect. A federal sentence commences on the day that it is announced, even when concurrent to a sentence already being served.[5] Therefore, Petitioner's federal sentences run concurrent only from the date on which the second federal sentence was imposed.

### Section 5G1.3

Finally, to the extent that this Court can review the intent of the sentencing judge in ordering a concurrent sentence under section 5G1.3 of the United States Sentencing Guidelines (USSG), there is nothing in the record to indicate that the sentencing judge in the Southern District of Georgia intended to award Petitioner credit on his second federal sentence for the time period in question.[6]

---

[5] See 18 U.S.C. 3585(a) ("[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of the sentence at, the official detention facility at which the sentence is to be served."); see also United States v. Flores, 616 F.2d 840 (5th Cir. 1980) (the earliest date a federal sentence can commence is the date it is imposed, even if made concurrent with a sentence already being served).

[6] The fact that the sentencing judge in the Southern District of Georgia may have suggested that he was extending Petitioner some leniency at sentencing is unpersuasive in this regard. See Petitioner's Supplement to the Petition (Doc. 9) at Appendix A. In fact, the sentencing judge specifically stated that he found no reason to depart from the sentencing range called for in the guidelines.

## **Conclusion**

For the reasons set forth in this Order, the Petition is **DENIED with prejudice**. The clerk is directed to enter judgment denying the Petition with prejudice, terminate any pending motions, and close this case.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 14th day of June 2005.

UNITED STATES DISTRICT JUDGE

c:   Jose Semane Coloma
     Counsel of Record

5